IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNNY SHORES, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-13-2745 | |
| § | | |
| UNITED CONTINENTAL § | | |
| HOLDINGS, INC., et al., § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant Association of Flight Attendants CWA, AFL-CIO's ("AFA") Motion to Dismiss (Doc. 23). Plaintiff Sunny Shores ("Plaintiff") has not filed a response, and the submission date has passed.[2] The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

### I. Case Background

Plaintiff filed this action on September 17, 2013, against United Continental Holdings, Inc., ("United"), the AFA, and the International Association of Machinist and Aerospace Workers District 142 ("IAM"), alleging employment discrimination under The

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 28.

[2] See S.D. Tex. R. 7.3, 7.4. The deadline for Plaintiff's response was extended to October 20, 2014. To date, Plaintiff has not responded to Defendant's motion.

Civil Rights Act of 1964 ("Title VII"). In her complaint, Plaintiff wrote that "[she] was assured by [an EEOC employee] in Fall 2012 that Plaintiff could ask and would be issued a right to sue letter at any point."[3]

On March 11, 2014, IAM filed a motion to dismiss, and on April 23, 2014, its motion was granted.[4]

On June 30, 2014, AFA filed a motion to dismiss under Federal Rule of Civil Procedure Rule ("Rule") 12(b)(6).[5] On July 11, 2014, the case was referred to this court and a hearing was set for September 24, 2014.[6] Following the hearing, Plaintiff was given until October 14, 2014, to respond to AFA's motion.[7] On two occasions, Plaintiff requested and received an extension of three days to file a response.[8] More than two weeks have passed since Plaintiff's extended deadline passed, and Plaintiff has not filed a response.

## II. Legal Standard

Rule 12(b)(6) allows dismissal of an action whenever the

---

[3] Doc. 1, Pl.'s Compl. p. 2.

[4] See Doc. 11, Def. IAM's Corrected Mot. to Dismiss, Doc. 17, Order Granting Corrected Mot. to Dismiss.

[5] See Doc. 23, Def.'s Mot. to Dismiss.

[6] See Doc. 29, Notice of Setting.

[7] See Doc. 32, Min. Entry for Hr'g held on 9/24/2014.

[8] See Doc. 33, Mot. for Extension of Time to File Resp., Doc. 34, 2nd Mot. for Extension of Time to File Resp., Doc. 35, Order Granting Mot. for Extension of Time to file Resp.

complaint, on its face, fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

### III. Analysis

Defendant argues that Plaintiff's claims should be dismissed under Rule 12(b)(6) because she did not exhaust her administrative remedies under Title VII, because AFA was Plaintiff's union, not

3

her employer for purposes of the Family Medical Leave Act ("FMLA"), and because Plaintiff's complaint is insufficient to maintain any of her claims against AFA. As noted supra, Plaintiff has not responded to Defendant's motion to dismiss, and the motion is therefore unopposed. However, unopposed motions may not be automatically granted. See John v. State of Louisiana (Board of Trs. for State Colls. and Univs.), 757 F.2d 698, 708 (5th Cir. 1985). The court will consider Defendant's arguments in turn.

**A.   Failure to Exhaust Administrative Remedies**

Before bringing suit in federal court, a plaintiff must first exhaust her administrative remedies. McClain v. Lufkin, 519 F.3d 264, 273 (5th Cir. 2008). There are two statutory prerequisites for filing a Title VII action in federal court: (1) the filing of a complaint with the Equal Employment Opportunity Commission (EEOC); and (2) the receipt of the statutory notice of the right to sue. Bowers v. Potter, 113 Fed. App'x 610, 612 (5th Cir. 2004) (unpublished) (citing Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996)). Title VII further provides that a plaintiff has ninety days to file a civil action after receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (citing Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 381 (5th Cir. 1982)). The requirement to file a lawsuit within the ninety-day limitation period is strictly construed. Bowers, 113

Fed. App'x at 612 (citing Ringgold v. National Maintenance Corp., 796 F.2d 769, 770 (5th Cir. 1986)).

The court is to accept as true all well-pleaded facts within Plaintiff's complaint. Rosenblatt v. United Way of Greater Houston, 607 F.3d 413 (5th Cir. 2010). Here, in lieu of a date when she was provided a right-to-sue letter, Plaintiff wrote a note explaining that she was "assured she could ask and would be issued" her right-to-sue letter.[9] No letter or charge was attached to Plaintiff's complaint; accepting Plaintiff's allegations as true, Plaintiff has shown only that she was able to obtain a right-to-sue letter, not that she actually received such a letter.

Accordingly, the Court finds that Plaintiff has not exhausted her administrative remedies, and therefore has not met a condition precedent to filing her Title VII claim. As a consequence, Plaintiff fails to state a claim under Title VII. Because Plaintiff has failed to exhaust administrative remedies and cannot bring a Title VII against AFA, the court need not consider AFA's alternative argument that Plaintiff's complaint does not state a claim under Title VII.

**B.** **AMA is Not Plaintiff's Employer**

Reading Plaintiff's complaint broadly, Plaintiff also makes claims under the FMLA. AFA argues that any such claim should be dismissed as to them, as they are not an eligible employer for the

---

[9] See Doc. 1, Pl.'s Compl. p. 2.

5

purposes of the FMLA.

The FMLA provides a right of action "against any employer . . . by any one or more employees for and in behalf of . . . (A) the employees; or (B) the employees and others similarly situation." 29 U.S.C. § 2617(a)(2). The definition of "employer" in an FMLA context is substantially identical to an "employer" under the Fair Labor Standards Act ("FLSA"). Modica v. Taylor, 465 F.3d 174, 186 (5th Cir. 2006). The FLSA definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ., but does not include any labor organization (other than when acting as an employer)." Id.

An "employer" includes individuals with "managerial responsibilities" and "substantial control of the terms and conditions of the work of [the] employees." See Falk v. Brennan, 414 U.S. 190, 195 (1973). The ultimate question is whether an alleged employer had "supervisory authority over the complaining employee." See Rudy v. Consol. Rest. Co., Inc., 2010 WL 3565418 *6 (N.D. Tex. 2010) (unpublished).

Plaintiff was employed by Defendant United. Plaintiff has not alleged that AFA held any supervisory authority over her as a result of her membership. The court therefore finds that her FMLA claim fails to state a claim upon which relief can be granted with respect to AFA.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 17th day of November, 2014.

_____
U.S. MAGISTRATE JUDGE