Case 4:13-cv-02745 Document 136 Filed in TXSD on 09/27/16 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SUNNY SHORES, §
§
        Plaintiff, §
§
v. § CIVIL ACTION NO. H-13-2745
§
UNITED CONTINENTAL HOLDINGS, §
INC., et al., §
§
        Defendants. §

## ORDER ON EVIDENTIARY RULINGS AND ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the court are "Plaintiff's Appeal of Order (Doc. 114) Dated July 19, 2016, Granting in Part, and Denying in Part, Defendant's Motion to Strike and Objections to Plaintiff's Motion for Summary Judgment Evidence and Request for Expedited Consideration" ("Plaintiff's Appeal of Order") (Docket Entry No. 121); "Judge Simeon Lake of Magistrate Judge Johnson's Memorandum and Recommendation on Defendant's Motion for Summary Judgment Plaintiff's Appeal to U.S. District Court" (Docket Entry No. 131); and "Supplement to Doc. 113" (Docket Entry No. 133).

The court has reviewed Plaintiff's filings, the Magistrate Judge's Order dated July 19, 2016, the Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 113), as well as Defendant United Airlines, Inc.'s Response to Plaintiff Sunny Shores's Objections to Magistrate Judge's Order Granting in Part

Defendant's Motion to Strike Plaintiff's Summary Judgment Evidence (Docket Entry No. 124) and Defendant United Airlines, Inc.'s Response to Plaintiff Sunny Shores's Objections to Magistrate Judge's Order Granting Defendant's Motion for Summary Judgment (Docket Entry No. 134).

Plaintiff's Appeal of Order (Doc. 114) Dated July 19, 2016, Granting in Part, and Denying in Part, Defendant's Motion to Strike and Objections to Plaintiff's Motion for Summary Judgment Evidence and Request for Expedited Consideration (Docket Entry No. 121) is **GRANTED IN PART and OVERRULED IN PART** as explained below.

In her response to Defendant's motion for summary judgment, Plaintiff attached Defendant's responses to her requests for admission but failed to attach "Exhibit P," the documents to which the admissions were directed (See Plaintiff Sunny Shores' Response in Opposition to Defendant United Airlines, Inc's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 94,; Defendant's Admissions, Exhibit A to Plaintiff's Response, Docket Entry No. 94-1.). In her July 19, 2016, Order (Docket Entry No. 114) the Magistrate Judge refused to speculate about to which documents the requests for admissions referred. Id. at 8-9. In her Appeal of Order, Plaintiff filed Exhibit P (See Documents Pertaining [to] Defendant's Admissions, Exhibit P to Plaintiff's Appeal of Order, Docket Entry No. 121-6.) and requested that her entire Statement of Facts in her response to Defendant's motion for

-2-

summary judgment be deemed as admissible evidence. However, many of the requests for admission did not seek admissions of fact, were objected to by Defendant, or reflected Plaintiff's legal contentions or factual arguments (Defendant's Admissions, Exhibit A to Plaintiff's Response, Docket Entry No. 94-1). The court will consider those admissions to which the Magistrate Judge did not consider other objections asserted by Defendant, with the further qualification that the court will only consider admitted facts, not legal argument.

Plaintiff objects to the Magistrate Judge's ruling with respect to Docket Entry No. 94-2, Exhibit B to Plaintiff's Response, pages 2-6, a letter to the U.S. Equal Employment Opportunity Commission ("EEOC") from Defendant's Senior EEO Compliance Representative, Robin Hoornstra ("Hoornstra"), that outlined Defendant's response to Plaintiff's charge of discrimination. The Magistrate Judge struck these pages because statements contained therein were made during an EEOC conciliation process and were confidential (Order, Docket Entry No. 114, p. 2 n.1). The Magistrate Judge also struck Docket Entry No. 94-2, Exhibit B to Plaintiff's Response, page 23, as the second page of an undated letter from Hoornstra to an unidentified person. Id. at 3. Plaintiff has now supplied the front page of that letter (Exhibit B to Plaintiff's Appeal of Order, Docket Entry No. 121-2, p. 14 [which Plaintiff labels as p. 23A]), which shows that it was

sent by Hoornstra to the U.S. Department of Labor on September 7, 2012, in connection with Plaintiff's complaint that Defendant had violated the Family Medical Leave Act ("FMLA"). Plaintiff argues that the court should consider Defendant's statements to the EEOC in light of Defendant's contradictory statements to the Department of Labor. Plaintiff has not shown that Defendant's statement to the EEOC was otherwise admissible. However, even if the court were to conclude that pages 2-6 were admissible, the court has reviewed both statements and, despite Plaintiff's general complaint that the statements are inconsistent, could not discern any inconsistency. Plaintiff's objection is **OVERRULED**.

Plaintiff objects to the Magistrate Judge's ruling concerning Docket Entry No. 94-2, Exhibit B to Plaintiff's Response, pages 31-57. The court finds that certain statements by Defendant's employees in some documents were admissible pursuant to Federal Rule of Evidence 801(d)(2) but that Plaintiff and her counsel's statements in some documents were hearsay because they were offered for the truth of the matter asserted. Plaintiff's objection is **OVERRULED**.

Plaintiff also objects to the Magistrate Judge's ruling that a document entitled "United Airlines Reasonable Accommodation Process Guidelines for Managers" was inadmissible (Order, Docket Entry No. 114, pp. 6-7). Plaintiff argues that she obtained this document from EEOC v. United Airlines, No. 11-1774, (Plaintiff's

Appeal of Order, Docket Entry No. 121, pp. 4-5) a case appealed to the Seventh Circuit in 2011. The document bears a docket entry number of an unidentified district court and also bears a footer date of 06/23/03. Plaintiff cannot authenticate this document and, more importantly, has not shown its relevance to the present dispute. Plaintiff's objection is **OVERRULED**.

The Magistrate Judge also struck a collective bargaining agreement on the grounds that it was unauthenticated (Order, Docket Entry No. 114, p. 7). Plaintiff argues that Defendant attached this document to its second motion for summary judgment (Plaintiff's Appeal of Order, Docket Entry No. 121, p. 5). A comparison of the documents shows that they either are not the same document or are different portions of one larger document. Defendant's authenticated portion covered the FMLA (Business Records, Exhibit 1 to Defendant United Airlines, Inc.'s Motion for Summary Judgment, Docket Entry No. 82-1, pp. 43-46); the portions submitted by Plaintiff concerned personal, medical, parental, military, educational, funeral, and emergency leaves of absences. The portion of the document offered by Plaintiff cautioned:

> 9.  The provisions of this Agreement, including but not limited to the provisions of this Section, are not intended in any way to be in derogation or diminution of the rights provided in the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. To the extent these contractual benefits may be determined to be in conflict with rights or privileges granted by the Family and Medical Leave Act, the Act shall be controlling, and its terms shall be applied as if they were the terms of this Agreement.

Leaves of Absence 14-3, Exhibit C to Plaintiff's Response, Docket Entry No. 94-3, p. 3. Moreover, even if the court were to consider this document, by its terms it defers to the FMLA and does not alter the conditions under which Defendant considered FMLA leave requests. Plaintiff's objection is **OVERRULED**.

With regard to Plaintiff's objections to the Magistrate Judge's dispositive recommendations, the court reviewed de novo the challenged portions of the Memorandum and Recommendation and concludes that the Memorandum and Recommendation should be adopted in its entirety.

Accordingly, Judge Simeon Lake of Magistrate Judge Johnson's Memorandum and Recommendation on Defendant's Motion for Summary Judgment Plaintiff's Appeal to U.S. District Court (Docket Entry No. 131) and Supplement to Doc. 113 (Docket Entry No. 133) are **DENIED**, and the Memorandum and Recommendation (Docket Entry No. 113) is hereby **ADOPTED** by the court.

**SIGNED** this 27th day of September, 2016, in Houston, Texas.

SIM LAKE
UNITED STATES DISTRICT JUDGE